

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
May 9, 2008
MAY 9 2008
JUDGE CHARLES R. NORGLE
U.S. District Court Judge

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 08 CR 57 |
| vs. ) | Judge Norgle |
| ) | |
| KENNETH ZIGAS ) | |

## PLEA AGREEMENT

1. This Plea Agreement between the United States Attorney for the Northern District of Illinois, PATRICK J. FITZGERALD, and defendant KENNETH ZIGAS, and his attorney, PATRICK BOYLE, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure and is governed in part by Rule 11(c)(1)(A), as more fully set forth below. The parties to this Agreement have agreed upon the following:

### Charges in This Case

2. The indictment in this case charges defendant with distributing crack, in violation of Title 21, United States Code, Section 841(a)(1) (Counts One and Two) and possessing a gun in furtherance of, and during and in relation to, a drug trafficking crime, as charged in Count Two (Count Three).

3. Defendant has read the charges against him contained in the indictment, and those charges have been fully explained to him by his attorney.

4. Defendant fully understands the nature and elements of the crimes with which he has been charged.

**Charges to Which Defendant is Pleading Guilty**

5. By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to Counts One and Two of the indictment. Count One charges defendant with distributing in excess of five grams of mixtures containing crack cocaine, in violation of Title 21, United States Code, Section 841(a)(1). Count Two charges defendant with distributing in excess of five grams of mixtures containing crack cocaine, in violation of Title 21, United States Code, Section 841(a)(1).

**Factual Basis**

6. Defendant will plead guilty because he is in fact guilty of the charges contained in Counts One and Two of the indictment. In pleading guilty, defendant admits the following facts and that those facts establish his guilt and relevant conduct beyond a reasonable doubt:

    a. With respect to Count One of the indictment: On or about October 28, 2003, at Hickory Hills, in the Northern District of Illinois, Eastern Division, the defendant knowingly and intentionally possessed with intent to distribute and distributed a controlled substance, namely, in excess of five grams of mixtures containing cocaine base in the form of crack cocaine, a Schedule II Narcotic Drug Controlled Substance. Specifically, on October 28, 2003, defendant possessed 20.7 grams of a mixture containing cocaine base in the form of crack cocaine, which he sold to undercover agents with the Bureau of Alcohol, Tobacco and Firearms ("ATF") for $1,000 in Hickory Hills, Illinois.

  b. With respect to Count Two of the indictment: On or about November 12, 2003, at Hickory Hills, in the Northern District of Illinois, defendant knowingly and intentionally possessed with intent to distribute and distributed a controlled substance, namely, in excess of five grams of mixtures containing cocaine base in the form of crack cocaine, a Schedule II Narcotic Drug Controlled Substance. Specifically, on November 12, 2003, defendant possessed 23.9 grams of a mixture containing cocaine base in the form of crack cocaine, which he sold to ATF undercover agents for $1,000 in Hickory Hills, Illinois. During this drug transaction, defendant possessed a firearm, namely, one RG Industries .38 caliber revolver bearing serial number 027068, which he sold to the ATF undercover agents for $200 as part of the drug transaction.

## Maximum Statutory Penalties

7. Defendant understands that the charges to which he is pleading guilty carry the following statutory penalties:

  a. Count One carries a maximum sentence of 40 years' imprisonment, and a statutory mandatory minimum sentence of 5 years. Pursuant to Title 18, United States Code, Section 3561, defendant may not be sentenced to a term of probation on this count. Count One also carries a maximum fine of $2,000,000. Defendant further understands that with respect to Count One the judge also may impose a term of supervised release of not more than five years.

b.     Count Two carries a maximum sentence of 40 years' imprisonment, and a statutory mandatory minimum sentence of 5 years. Pursuant to Title 18, United States Code, Section 3561 defendant may not be sentenced to a term of probation on this count. Count Two also carries a maximum fine of $2,000,000. Defendant further understands that with respect to Count Two, the judge also may impose a term of supervised release of not more than ~~five~~ three years.

c.     In accord with Title 18, United States Code, Section 3013, defendant will be assessed $100 on each count to which he has pled guilty, in addition to any other penalty imposed.

d.     Therefore, under the counts to which defendant is pleading guilty, the total maximum sentence is 80 years' imprisonment, and the minimum sentence is 5 years' imprisonment. In addition, defendant is subject to a total maximum fine of $4,000,000, a period of supervised release, and special assessments totaling $200.

## Sentencing Guidelines Calculations

8.     Defendant understands that in imposing sentence the Court will be guided by the United States Sentencing Guidelines. Defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider the Guidelines in determining a reasonable sentence.

9.     For purposes of calculating the Sentencing Guidelines, the parties agree on the following points:

a. **Applicable Guidelines.** The Sentencing Guidelines to be considered in this case are those in effect at the time of sentencing. The following statements regarding the calculation of the Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely the November 2007 Guidelines Manual.

b. **Offense Level Calculations.**

i. The charges in Counts One and Two are grouped pursuant to Guidelines § 3D1.2(d).

ii. The base offense level for the charges in Counts One and Two of the indictment is 28 because the total amount of crack cocaine involved in the offenses of conviction was at least 35 grams but less than 50 grams, pursuant to Guideline §2D1.1(c)(6).

iii. The base offense level should be increased two levels because the defendant possessed a firearm, pursuant to Guideline §2D1.1(b)(1).

iv. Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. If the government does not receive additional evidence in conflict with this provision, and if defendant continues to accept responsibility for his actions within the meaning of Guideline §3E1.1(a), including by furnishing the United States Attorney's Office and the Probation Office with all requested financial information relevant to his ability to satisfy any fine that may be imposed in this case, a two-level reduction in the offense level is appropriate.

v.  In accord with Guideline §3E1.1(b), defendant has timely notified the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Therefore, as provided by Guideline §3E1.1(b), if the Court determines the offense level to be 16 or greater prior to determining that defendant is entitled to a two-level reduction for acceptance of responsibility, the government will move for an additional one-level reduction in the offense level.

vi.  If the Court determines that Guideline §5C1.2 and Title 18, United States Code, Section 3553(f) are applicable, the Court shall impose a sentence without regard to any statutory minimum sentence, and the offense level shall be reduced by two levels, pursuant to Guideline §2D1.1(b)(11).

c.  **Criminal History Category.** With regard to determining defendant's criminal history points and criminal history category, based on the facts now known to the government, defendant's criminal history points equal zero and defendant's criminal history category is I.

d.  **Anticipated Advisory Sentencing Guidelines Range.** Therefore, based on the facts now known to the government, the anticipated offense level is 27, which, when combined with the anticipated criminal history category of I, results in an anticipated advisory Sentencing Guidelines range of 70 to 87 months' imprisonment, in addition to any supervised release, fine, and restitution the Court may impose. Defendant also acknowledges

that he is subject to a statutory minimum sentence of 5 years' imprisonment, if the Court determines that it applies.

  e. Defendant and his attorney and the government acknowledge that the above Guideline calculations are preliminary in nature, and are non-binding predictions upon which neither party is entitled to rely. Defendant understands that further review of the facts or applicable legal principles may lead the government to conclude that different or additional Guideline provisions apply in this case. Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final Guideline calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations, and defendant shall not have a right to withdraw his plea on the basis of the Court's rejection of these calculations.

  f. Both parties expressly acknowledge that this plea agreement is not governed by Fed.R.Crim.P. 11(c)(1)(B), and that errors in applying or interpreting any of the Sentencing Guidelines may be corrected by either party prior to sentencing. The parties may correct these errors either by stipulation or by a statement to the Probation Office or the Court, setting forth the disagreement regarding the applicable provisions of the Guidelines. The validity of this Plea Agreement will not be affected by such corrections, and defendant shall not have a right to withdraw his plea, nor the government the right to vacate this Plea Agreement, on the basis of such corrections.

## Agreements Relating to Sentencing

10. The government agrees to recommend that sentence be imposed within the applicable guidelines range and to make no further recommendation concerning at what point within the range sentence should be imposed.

11. It is understood by the parties that the sentencing judge is neither a party to nor bound by this Plea Agreement and may impose a sentence up to the maximum penalties as set forth above. Defendant further acknowledges that if the Court does not accept the sentencing recommendation of the parties, defendant will have no right to withdraw his guilty plea.

12. Defendant agrees to pay the special assessment of $200 at the time of sentencing with a cashier's check or money order payable to the Clerk of the U.S. District Court.

13. The parties further agree, pursuant to Title 18, United States Code, Section 3583(d), that the sentence to be imposed by the Court shall include, as a condition of any term of supervised release imposed in this case, a requirement that defendant repay the United States $2,200 as compensation for government funds that defendant received during the investigation of the case.

14. After sentence has been imposed on the counts to which defendant pleads guilty as agreed herein, the government will move to dismiss the remaining count of the indictment as to this defendant.

## Presentence Investigation Report/Post-Sentence Supervision

15. Defendant understands that the United States Attorney's Office in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing shall fully apprise the District Court and the Probation Office of the nature, scope and extent of defendant's conduct regarding the charges against him, and related matters. The government will make known all matters in aggravation and mitigation relevant to the issue of sentencing.

16. Defendant agrees to truthfully and completely execute a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the probation officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to Guideline §3E1.1 and enhancement of his sentence for obstruction of justice under Guideline §3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001 or as a contempt of the Court.

17. For the purpose of monitoring defendant's compliance with his obligations to pay a fine during any term of supervised release to which defendant is sentenced, defendant further consents to the disclosure by the IRS to the Probation Office and the United States Attorney's Office of defendant's individual income tax returns (together with extensions, correspondence, and other tax information) filed subsequent to defendant's sentencing, to and

including the final year of any period of supervised release to which defendant is sentenced. Defendant also agrees that a certified copy of this Plea Agreement shall be sufficient evidence of defendant's request to the IRS to disclose the returns and return information, as provided for in Title 26, United States Code, Section 6103(b).

## Acknowledgments and Waivers Regarding Plea of Guilty

### Nature of Plea Agreement

18. This Plea Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 08 CR 57.

19. This Plea Agreement concerns criminal liability only. Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver or release by the United States or any of its agencies of any administrative or judicial civil claim, demand or cause of action it may have against defendant or any other person or entity. The obligations of this Agreement are limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities, except as expressly set forth in this Agreement.

### Waiver of Rights

20. Defendant understands that by pleading guilty he surrenders certain rights, including the following:

    a.    **Trial rights.** Defendant has the right to persist in a plea of not guilty to the charges against him, and if he does, he would have the right to a public and speedy trial.

        i.    The trial could be either a jury trial or a trial by the judge sitting without a jury. Defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

        ii.    If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Defendant and his attorney would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

        iii.    If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt and that it was to consider each count of the indictment separately. The jury would have to agree unanimously as to each count before it could return a verdict of guilty or not guilty as to that count.

   iv. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

   v. At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.

   vi. At a trial, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

   vii. At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

  b. **Waiver of appellate and collateral rights.** Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial. Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal his conviction and the sentence imposed. Acknowledging this, defendant knowingly waives the right to appeal his conviction, any pre-

trial rulings by the Court, and any part of the sentence (or the manner in which that sentence was determined), including any term of imprisonment and fine within the maximums provided by law, and including any order of restitution or forfeiture, in exchange for the concessions made by the United States in this Plea Agreement. In addition, defendant also waives his right to challenge his conviction and sentence, and the manner in which the sentence was determined, in any collateral attack or future challenge, including but not limited to a motion brought under Title 28, United States Code, Section 2255. The waiver in this paragraph does not apply to a claim of involuntariness, or ineffective assistance of counsel, which relates directly to this waiver or to its negotiation.

    c.    Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraphs. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

### Other Terms

21.    Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

22.    Defendant understands that the government has the right to seek defendant's truthful testimony before a grand jury or a district court.

## Conclusion

23. Defendant understands that this Plea Agreement will be filed with the Court, will become a matter of public record and may be disclosed to any person.

24. Defendant understands that his compliance with each part of this Plea Agreement extends throughout the period of his sentence, and failure to abide by any term of the Agreement is a violation of the Agreement. Defendant further understands that in the event he violates this Agreement, the government, at its option, may move to vacate the Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement, or may move to resentence defendant or require defendant's specific performance of this Agreement. Defendant understands and agrees that in the event that the Court permits defendant to withdraw from this Agreement, or defendant breaches any of its terms and the government elects to void the Agreement and prosecute defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

25. Should the judge refuse to accept defendant's plea of guilty, this Plea Agreement shall become null and void and neither party will be bound thereto.

26. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Plea Agreement to cause defendant to plead guilty.

27. Defendant acknowledges that he has read this Plea Agreement and carefully reviewed each provision with his attorney. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE: 5/9/08

_____
PATRICK J. FITZGERALD
United States Attorney

_____
KENNETH ZIGAS
Defendant

_____
J. GREGORY DEIS
Assistant U.S. Attorney

_____
PATRICK BOYLE
Attorney for Defendant